RICHARDSON, Appellant, v. GREEN COUNTY, Respondent.

*January 8—February 3, 1959.*

322

For the appellant there were briefs by *Koenig & Elmer* of Monticello, and oral argument by *Randal J. Elmer*.

For the respondent there was a brief and oral argument by *Franz W. Brand,* district attorney.

FAIRCHILD, J.   Plaintiff contends that the county rejected plaintiff's offer to do the refrigeration work at a price of $500 less, using Bush equipment, and that after the execution of a contract for the full amount of plaintiff's bid, plaintiff was in exactly the same position as any successful bidder would have been if he had not made an alternative offer.   In other words, according to plaintiff, his offer to use Bush equipment and deduct $500 became completely irrelevant. Plaintiff did use Bush equipment, but argues that he complied with the same requirements in order to substitute such equipment that would have been required of anyone else and therefore that he is entitled to the full contract price notwithstanding the substitution.

It seems to us material and important that the plaintiff's proposal, containing his offer to do the work using Bush equipment at a reduction of $500 was expressly made a part of the final contract.   That being the case, we think that the county was entitled to the deduction when the plaintiff obtained permission and did substitute the Bush equipment.

We recognize plaintiff's argument that the alternative which plaintiff added to his proposal was unauthorized and

became surplusage when the authorized and complying portion of the bid was accepted. We do not think, that in order to obtain an advantage for himself, plaintiff can rely upon a claim that his act in inserting the offer to reduce the price if Bush equipment were used was unauthorized.

*By the Court.*—Judgment affirmed.